**STATE of Minnesota, Respondent,**

v.

**Wing Keung HUIE, a.k.a. Ken Huie, Appellant.**

**No. C8–84–1924.**

Court of Appeals of Minnesota.

July 2, 1985.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Alan I. Mitchell, St. Louis County Atty., John E. DeSanto, Asst. County Atty., Duluth, for respondent.

Robert E. Mathias, Duluth, for appellant.

Considered and decided by POPOVICH, C.J., and PARKER and CRIPPEN, JJ., with oral argument waived.

## OPINION

PARKER, Judge.

Appellant Ken Huie was convicted of conspiracy to distribute cocaine in violation of Minn.Stat. §§ 152.09 and 609.175 (1984). On appeal he contends the evidence was insufficient to sustain his conviction and that the trial court erred in admitting irrelevant evidence. We affirm.

## FACTS

In December 1983 the Duluth police department became aware that cocaine was coming into Duluth from Florida. The primary suppliers were Jack Guy and John Logergren.

Ken George, an undercover BCA agent, became acquainted with Huie, the owner of the Filling Station Bar, and with Mark Heaslip, a bartender. George discovered that Huie planned to leave the bar business and get into selling and distributing cocaine. On December 30, 1983, Huie arranged for George to purchase a gram of cocaine from Heaslip on the following day. Huie also told George that he and a friend, Marty Anderson, were going to invest $10,000 to get started in the cocaine business. Huie told George the cocaine would be coming in from Florida through a friend of Heaslip.

A few days later, on January 10, 1984, Huie told George that he and Anderson still intended to sell and distribute cocaine. Huie told George he had seen a sample of high-quality cocaine. Huie asked George for names of people in the Twin Cities area to whom cocaine could be sold. Huie also indicated that he and Anderson were going to start out on a smaller scale, with less than the $10,000 investment. The next day Huie told George that he might want to borrow George's triple-beam scale because of the large quantity of cocaine he might be buying. The following day Huie went to borrow George's scale and gave George some cocaine to use. When Huie returned the scale a few days later, he told George that he could not sell any cocaine to George because of lingering suspicions about George's status as a "narc."

Evidence showed that Huie met with Jack Guy in Duluth on January 23, 1984, and on three or four other occasions before January 25. On January 25, 1984, the Duluth police gained access to the room adjacent to Jack Guy's room at the downtown Holiday Inn. Officer Scott Voight eavesdropped on conversations between Huie and Guy on January 25. Voight testified that he heard Huie ask Guy the best price he had ever obtained for an ounce of cocaine, and Guy said $2,250. Voight also heard Huie tell Guy how careful he is to protect himself from being caught with cocaine or money. Guy was heard to say he wanted to find responsible people to do business with in Minnesota and mentioned that he was upset with Logergren. Voight also heard Guy give Huie advice on how to identify and deal with "narcs."

On January 26, 1985, after obtaining a search warrant, the police arrested Guy in his hotel room. Huie was also arrested shortly after when he came up to the room intending to meet Guy, after having phoned from the lobby and asking for "Jack." The police officer who answered invited him up, saying Jack would return shortly.

At Huie's trial for conspiracy to distribute cocaine the State also introduced circumstantial evidence showing that Logergren flew from Florida to Duluth on January 7, 1984. Logergren wired $1,800 to Guy between January 7 and January 12, 1984. Guy arrived in Duluth on January 13, 1984, and received a five-pound package from Florida on January 20, 1984. Logergren picked up about four ounces of cocaine and deposited $8,400 in a safe at a bar on January 22, 1984, which Guy received on January 22, 1984. At Guy's arrest on January 26, 1984, $8,790 in cash was found in his room. Huie's name and phone number were found on a matchbook cover in Guy's wallet, and Guy's name and Florida phone number were written in Huie's address and phone book.

## ISSUES

1. Was the evidence sufficient to sustain Huie's conviction for conspiracy to distribute cocaine?

2. Did the trial court err in admitting evidence of Huie's prior experience with cocaine?

## DISCUSSION

### I

Huie was convicted of conspiracy under Minn.Stat. § 609.175, subd. 2:

> [W]hoever conspires with another to commit a crime and in furtherance of the conspiracy one or more of the parties does some overt act in furtherance of such conspiracy * * *.

Based on established principles of appellate review of criminal convictions, the evidence is sufficient to permit the jury to infer that Huie was involved in a conspiracy to distribute cocaine. It need not be shown that Huie actually met with all the coconspirators or was involved in the actual formation of the scheme. *See United States v. Finkelstein,* 526 F.2d 517, 527 (2d Cir.1975), *cert. denied,* 425 U.S. 960, 96 S.Ct. 1742, 48 L.Ed.2d 205, *sub nom Scardino v. United States* (1976). There was ample evidence to constitute a prima facie case of conspiracy and thus to allow evidence of admissions of out-of-court declarations of alleged coconspirator Jack Guy. Under Minn.R.Evid. 801(d)(2)(E), a police officer was allowed to testify to pertinent admissions made by Guy.

### II

At trial officers Ken George and Scott Voight testified to Huie's statements about his previous experience with cocaine, including his belief that it was helpful in "turning on" women. Huie claims this evidence was irrelevant and tended to prejudice him in the eyes of the all-female jury. The trial court gave a cautionary instruction at the time the testimony was elicited and at the close of trial.

Huie's attitude about cocaine, his admitted use, his admitted possession, and his participation in the sale to George were relevant to the conspiracy to distribute cocaine. Huie has not shown that the trial court abused its discretionary determination that the evidence was relevant under Minn.R.Evid. 401. Huie's assertion that the all-female jury was prejudiced by evidence of his admitted use of cocaine to manipulate women is unpersuasive. The weighing of probative value against possible prejudice is the function of the trial court; we cannot say it was, here, an abuse of discretion.

## DECISION

The evidence was sufficient to convict appellant of conspiracy to distribute cocaine. The trial court did not err in admitting evidence of appellant's prior experience with cocaine and his admitted use of cocaine to attract women.

Affirmed.